UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HARROD, *et al.*<br><br>　　　　　　　Plaintiffs,<br>　v.<br>DURIK, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:25-cv-01575-MMD-MDC<br><br>ORDER |

*Pro se* Plaintiffs Tiffanie Harrod and Josh Whittington bring this action against Defendants Jeremy Durik and Durik Towing and Recovery. (ECF No. 1.) Magistrate Judge Couvillier recommended the case be dismissed. (ECF No. 5 ("R&R").) The Court *sua sponte* extended the deadline for Plaintiffs to file an objection to Judge Couvillier's R&R. (ECF No. 6.) The orders mailed to Plaintiffs were returned as undeliverable (ECF Nos. 4, 7, 8, 9.) The Court directed Plaintiffs to file an updated address within 14 days, in accordance with the Local Rules. (ECF No. 10 (citing LR IA 3-1).) That deadline expired without an updated address from either Plaintiff.

I.　　DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate…dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining

whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiffs' claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed without the ability for the Court and Defendants to send Plaintiffs case-related documents, filings, and orders, the only alternative is to enter another order setting another deadline. But without an updated address, the likelihood that this additional order would even reach

Plaintiffs is low, so issuing a second order will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.   CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiffs' failure to file an updated address in compliance with this Court's December 2, 2025 order. The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED THIS 18th Day of December 2025

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE